UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS M. PARKER | ) | |
| | ) | **Case Number** |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC | ) | **JURY TRIAL DEMANDED** |
| A WHOLLY-OWNED | ) | |
| SUBSIDIARY OF PORTFOLIO | ) | |
| RECOVERY ASSOCIATES, INC. | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Nicholas M. Parker, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

**I.  INTRODUCTORY STATEMENT**

1. Plaintiff, Nicholas M. Parker, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.  JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendant has an office located in this District.

### III.  PARTIES

4.      Plaintiff, Nicholas M. Parker, (hereafter, Plaintiff) is an adult natural person residing at 1017 S. Weinbach Avenue, Evansville, IN 47714.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Portfolio Recovery Associates, LLC (hereafter, Defendant), a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Illinois and the Commonwealth of Pennsylvania with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6.      Defendant, Portfolio Recovery is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      For at least the last two (2) years, Plaintiff has been receiving constant and continuous calls from the Defendant attempting to collect on a debt allegedly owed on a Bank of America account.

8.      Plaintiff believes that the account referenced above is between eight (8) and ten (10) years old.

9. Plaintiff resided in Kentucky when the calls initially started, but currently resides in Indiana.

10. Defendant places calls to Plaintiff's personal cell phone, at all times of the day, including while the Plaintiff is in work.

11. Plaintiff states that he has informed the Defendant multiple times to stop calling his cell phone, but the agents refuse and the calls continue.

12. On several occasions the Plaintiff is told that he owes a debt and is intimidated and threatened that the calls will continue until that debt is paid.

13. The Plaintiff has requested that the Defendant send him validation of this account in writing but his requests have been ignored.

14. On one occasion, the Plaintiff hung up on the rude male agent but the Defendant's agent immediately called back and began to curse at the Plaintiff and tell him that they would not be sending him anything and then the agent hung-up on the Plaintiff.

15. Plaintiff filed a report with the Kentucky Attorney General while still residing in that state.

16. They agreed to investigate the constant calls from the Defendant.

17. The Defendant denied all of the Plaintiff's allegations, and the report was eventually closed.

18. Despite the Defendant's calls stopping for a short time, within the last five (5) months the calls from the Defendant have increased to as many as three (3) to four (4) calls per day to the Plaintiff's personal cell phone.

19. Defendant again refuses to stop calling until the Plaintiff makes payment arrangements.

20. To date the Defendant has still refused to send the Plaintiff anything in writing in regards to this account.

21. The Plaintiff also attempted to file a report with the Indiana Attorney General, but was informed that there was nothing that they could do to assist and advised the Plaintiff to add the Defendant to the "Do Not Call Register".

22. Plaintiff has also filed a complaint with the Federal Trade Commission (FTC) due to the frequency of the Defendant's calls.

23. Plaintiff has never been informed how much the Defendant is attempting to collect on this account.

24. The Defendant continues their collection efforts despite their failure to supply the Plaintiff with the written validation that was requested.

25. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(5): | Caused any charges to be made to the consumer, e.g. calls to personal cell phone |

|  |  |
|---|---|
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five (5) days of the initial communication |
| §§ 1692g(a)(1): | Must state the amount of the debt |
| §§ 1692g(b): | Collector must cease collection efforts until the debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: December 14, 2012**

**BY: /s/ Brent F. Vullings BFV8435**
Brent F. Vullings, Esquire
VULLINGS LAW GROUP, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff